UNITED STATE DISTRICT COURT
DISTIRCT OF MASSACHUSETTS

| | |
|---|---|
| **ANTHONY DERUBEIS & MACLYN BURNS**,  Plaintiff,  v.  **WITTEN TECHNOLOGIES, INC.**,  **Defendant**. | CIVIL ACTION 1:04-CV-11137-RWZ |

## ANSWER OF ANTHONY DERUBEIS AND MACLYN BURNS TO WITTEN TECHNOLOGIES, INC.'S COUNTERCLAIM

Now come the Plaintiffs, Defendants-in-Counterclaim, Anthony DeRubeis and Maclyn Burns, ("Defendants") and hereby answer Witten Technologies, Inc.'s Counterclaim as follows:

### NATURE OF THE CASE

1. While no answer is technically required to paragraph 1, Defendants specifically deny that at any time they appropriated confidential or proprietary information belonging to Witten and further deny the specific allegations in paragraph 1 relating to Defendants' use of "3-D sub-surface imaging software". Defendants do not possess that software and have never disclosed any information regarding or relating to that software to any third party.

### THE PARTIES

2. Defendants are without sufficient information to admit or deny the allegations in paragraph 2, however, Witten's description of its Massachusetts office is contrary to both the information on file at the Secretary of States office in the Commonwealth of Massachusetts, as well as various material on Witten's website.

3. Admitted.

## FACTUAL BACKGROUND THE CART SYSTEM

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendants admit that the CART System is the primary asset of the company. Defendants deny the remaining allegations in paragraph 8 and specifically state that to the best of the Defendants' knowledge, the only time Witten reminds its employees that Witten believes the software technology is confidential, is as the employee is leaving the company.

## BURNS AND DeRUBEIS

9. Admitted.

10. The allegations set forth in paragraph 10 are admitted, except that Defendants deny that they were intimately involved with the construction and operation the software.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Defendants admit that beginning in May 2002, after not being paid by Witten for approximately two months, Defendants expressed their desire to leave Witten. Defendants also admit that Witten and the Defendants entered into negotiations regarding a technology license which ultimately did not lead to an agreement. The remaining allegations in paragraph 17 are denied.

18. Admitted. Defendants further state that after Witten rejected their license proposal and after Witten removed Robert Greene as President, Defendants became Vice Presidents, as alleged in paragraph 11. Defendants' further state that they continued to perform their duties and their contract was extended, as described in paragraph 15. Defendants further state that they worked in good faith, producing record revenues for a total of eighteen months beyond May of 2002 and that the subsequent license was not offered until October of 2003, after the election of a new board and Tony Clifford becoming President.

19. Defendants admit that their employment was terminated with Witten in the fall of 2003. The Defendants also admit that upon their departure that they were "reminded" of their obligations under their respective employment agreements. Defendants deny the remaining allegations set forth in paragraph 19 of the Complaint.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 24 and call on Witten to prove the same at trial.

25. Defendants admit the allegations set forth in paragraph 25 except that they are without sufficient information to admit or deny whether GSSI's software has been "recently upgraded".

26. Defendants reallege and incorporate by reference all of the responses to paragraphs 1 through 25 herein.

27. Admitted.

28. Denied.

29. Denied.

30. Defendants reallege and incorporate by reference all of the responses to paragraphs 1 through 29 herein.

31. Defendants admit that the CART System uses proprietary information. Defendants deny remaining allegations in paragraph 31.

32. Defendants admit that employees were routinely were asked to enter into confidentiality agreements and deny the remaining allegations in paragraph 32.

33. Denied.

34. Defendants reallege and incorporate by reference all of the responses to paragraphs 1 through 33 herein.

35. No response is required.

36. No response is required.

37. Denied. Defendants state further that at no time have they used for their own

benefit, or provided to GSSI, or any other third-party, any specific information which Defendants gained through their employment with Witten, including, but not limited to, the material Witten alleges is proprietary information or a trade secret.

38.     Since Defendants do not possess any confidential or proprietary information belonging to Witten, the allegations in paragraph 38 are denied.

39.     Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Witten has failed to state a claim upon which relief may be granted

### SECOND AFFIRMATIVE DEFENSE

Witten has not taken the requisite steps to protect the assets it claims are trade secrets and therefore those assets are not legally considered to be Trade Secrets.

### THIRD AFFIRMATIVE DEFENSE

Witten's unclean hands, caused by repeated failures to pay its employees, bars its claims for equitable relief.

### FOURTH AFFIRMATIVE DEFENSE

Witten's prayer for injunctive relief is based on unsubstantiated allegations cloaked in the concept of "information or belief" and thus should be denied.

### FIFTH AFFIRMATIVE DEFENSE

Witten breached its employment contract with Burns and DeRubeis and therefore are not entitled to any relief under those contracts.

### SIXTH AFFIRMATIVE DEFENSE

Witten's claims are barred by its own actions pursuant to the doctrines of laches, waiver and/or estoppel.

SEVENTH AFFIRMATIVE DEFENSE

Witten has failed to mitigate its damages.

Witten reserves the right to amend these affirmative defenses as additional information is revealed in Discovery and as permitted by the Federal Rules of Civil Procedure.

**BURNS AND DeRUBEIS HEREBY DEMAND A TRIAL BY JURY**

Respectfully submitted,

Anthony Derubeis and
Maclyn Burns,

By their attorneys,

   /s/ Daniel M. Rabinovitz_____
Daniel M. Rabinovitz, BBO No. 558419
Menard, Murphy & Walsh LLP
60 State Street - 34th Floor
Boston, Massachusetts  02109
(617)  832-2500

Dated:  July 6, 2004

**CERTIFICATE OF SERVICE**

I, Daniel M. Rabinovitz, hereby certify that on this 6th day of July 2004, I caused a copy of this Answer To Counterclaim to be served by first-class mail, postage prepaid, addressed to Jay M. Presser Esq. Skoler, Abbott & Presser P.C. One Monarch Place Suite 2000 Springfiled Massachusetts 01144 and filed electronically on July 6, 2004

          /s/ Daniel M. Rabinovitz          
Daniel M. Rabinovitz

G:\B\Burns-DeRubeis\Pleadings\ANSWER TO COUNTERCLAIM