UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY DERUBEIS and MACLYN BURNS | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. |
| WITTEN TECHNOLOGIES, INC. | ) ) | 04-11137-RWZ |
| Defendant. | ) ) ) | |

## JOINT MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO TRANSFER ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA AND EXTEND DISCOVERY

## I. PRELIMINARY STATEMENT

Both parties agree that there is no reason for this action to continue in

its current venue in the District of Massachusetts. Not only do Plaintiffs

DeRubeis and Burns ("Plaintiffs") and the principal shareholder and

President of Defendant Witten Technologies, Inc. ("Witten") all reside in

Georgia, but most of the documentary evidence and relevant witnesses also

reside and are located in Georgia. Accordingly, both parties have agreed

and bring this joint motion to transfer this action to the Northern District of

Georgia pursuant to 28 U.S.C. § 1404 to serve the convenience of the parties and witnesses as well as the interests of justice. In addition, both parties respectfully request an additional extension of the discovery period for sixty (60) days to ensure the effective transfer of this matter.

## II. <u>FACTUAL SUMMARY</u>

Plaintiffs and Counter-Defendants Anthony DeRubeis ("DeRubeis") and Maclyn Burns ("Burns") (together "Plaintiffs") are residents of the State of Georgia who were employed as Senior Engineers and Vice-Presidents by Defendant Witten Technologies ("Witten") from approximately May 10, 2000 through the Fall of 2003. (Complaint, ¶ 1). Witten is a Florida corporation with operations in the State of Georgia. (*Id.*, ¶ 2). Witten's General Counsel handling this litigation is located in Macon, Georgia. (*See* Erin G. Lewis' Mot. to Appear, dated 9/16/05). Witten is a small, privately held company involved in the development of methods for imaging the shallow subsurface. (Answer and Counterclaim, ¶ 4).

### A. <u>Plaintiffs' Complaint.</u>

Plaintiffs' Complaint alleges that, in or around November 2003, they were constructively discharged by Witten without cause. (Complaint, ¶ 6). Pursuant to their respective employment contracts with Witten, Plaintiffs allege that, at the time of discharge, Witten failed, and has continued to fail,

to comply with its compensation obligations under the terms of the employment contracts. (*Id.*, ¶ 8). Specifically, Plaintiff Burns alleges that approximately $49,454.69 remains due and owing to him by Witten, and Plaintiff DeRubeis alleges that approximately $44,672.87 remains due and owing to him by Witten. (*Id.*) These sums include, but are not limited to, back pay (Burns),vacation payouts, car allowances and contractually-agreed lump sums payments into their retirement accounts equal to 17% of Plaintiffs' monthly salaries less benefits. (*Id.*)

### B.    Witten's Counterclaim.

In response to Plaintiffs' wage claims, Witten filed a counterclaim asserting breach of a contract, misappropriation of trade secrets and requesting injunctive relief. Witten alleges that it developed and owns unique 3-D subsurface imaging software and radar array system that allows for the creation of high resolution 3-D radar images of the shallow subsurface on a large scale. (Answer and Counterclaim, ¶¶ 4, 7, 8, 10) Witten alleged that Plaintiffs violated the confidentiality provision of their Employment Agreements and misappropriated confidential information related to that system for their own benefit and for the benefit of Witten's competitors. (Answer and Counterclaim, ¶¶ 6, 7, 8, 10, 20 - 22).

### III.  THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA

Pursuant to 28 U.S.C. § 1404, a district court may transfer any civil action to any other district or division where it might have been brought if such transfer would serve the convenience of the parties and witnesses and would be in the interest of justice.  When evaluating a § 1404 motion, a court should make a "flexible and individualized analysis" and "weigh in the balance a number of case-specific factors" in order to determine whether the proposed transferee court would be a more convenient forum for litigation. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).

Among the private convenience factors commonly considered in granting a transfer are:  (1) the convenience of the parties and witnesses; (2) the cost of obtaining the attendance of witnesses and other trial expenses; (3) the location of evidence; (4) the place of the alleged wrong; (5) the plaintiff's choice of forum; (6) the possibility of delay and prejudice if transfer is granted; and (7) the location of counsel.  *See Houston Trial Reports, Inc.  v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999)..  Courts also consider public interest factors like the fair and efficient administration of justice.  *See id.*  As shown below, this action would not only best serve the convenience of all parties and witnesses, but would also be in the interests of justice.

4

A.  **A Transfer To The Northern District of Georgia Would
    Serve The Interests Of The Parties And Witnesses And
    Would Be In The Interest Of Justice.**

In determining whether a transfer of venue should be ordered under

§ 1404, a court should consider certain private interest factors – which relate

to the parties and witnesses involved in the dispute – as well as certain

public interest factors – which relate to the resources of the general public.

*See id.*

Generally speaking, the "private interest" factors include the

following:

> . . . the relative ease of access to sources of proof;
> availability of compulsory process for attendance
> of unwilling, and the cost of obtaining attendance
> of willing, witnesses; possibility of view of
> premises, if view would be appropriate to the
> action; and all other practical problems that make
> trial of a case easy, expeditious and inexpensive.

*Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295, 296 (5th Cir. 1963).

The public interest factors include the local interest in adjudicating a

local dispute, whether the citizens of the plaintiff's choice in venue should

be burdened with jury duty, whether there will be any problems with respect

to conflicts of laws, and potential administrative difficulties.  *Id.*

In the present matter, the private and public interest factors both

weigh heavily in favor of transferring the matter to the Northern District of

Georgia. First, with respect to the relevant proof for both parties, much of the parties' documentary evidence and business records are located in Georgia.

Second, all party-witnesses are located in Georgia. *Bigham and KNB v. Envirocare of Utah, Inc*., 123 F.Supp.2d 1046, 1050 (S.D.Tex. 2000) ("[T]he convenience of key witnesses ranks as among the most important of all factors in a motion to transfer venue.")

Third, because Plaintiffs and the President and Chairman of the Board of Defendant are all residents of Georgia and neither are principal residents of the Massachusetts, the Northern District of Georgia has a much stronger interest in resolving this dispute than does the Massachusetts court. Accordingly, this factor also weighs heavily in favor of transferring the matter to the Northern District of Georgia.

Finally, as the present case essentially involves a dispute between parties that are residents of Georgia, jury duty should not be imposed upon the citizens of the District of Massachusetts. Rather, the citizens of the Northern District of Georgia should comprise the jury in this matter. This factor also weighs in favor of transferring the matter.

**B.**     **The Present Action May Be Venued In The Northern**
           **District of Georgia.**

To be brought in the Northern District of Georgia, the proposed

transferee court must have (1) proper venue under 28 U.S.C. § 1391,

(2) subject matter jurisdiction, and (3) personal jurisdiction over the

defendant.  *See Hoffman v. Blaski,* 363 U.S. 335, 343 (1960).  It is

indisputable that both parties' claims could have been properly initiated in

the Northern District of Georgia, as diversity of citizenship exists (Georgia

vs. Florida), Defendant resides in the State of Georgia; and all parties

stipulate that they are subject to personal jurisdiction in Georgia.

Venue is proper in Georgia's Northern District under 28 U.S.C. §

1391(a)(1) and (3).  With respect to subsection (1), where all defendants

reside in the same state, venue is proper in "a district where any defendant

resides."   28 U.S.C. § 1391(c) holds that a corporation "shall be deemed to

reside in any judicial district in which it is subject to personal jurisdiction at

the time the action is commenced."  Witten has operations in and is therefore

subject to personal jurisdiction in the Northern District.  Further, all parties

have stipulated to the transfer of this matter to the Northern District of

Georgia.  *See e.g. In re Carbon Dioxide Industry Antitrust Litigation*, 229

F.3d 1321, 1325 - 26 (11th Cir. 2000) (finding that venue could be stipulated

or consented to by the parties). Accordingly, under § 1391(a)(1), venue of this action is proper in the Northern District of Georgia.

Finally, discovery in this matter is currently scheduled to expire on April 30, 2006. Given that the parties have stipulated to the transfer of this matter, and because such transfer will require additional time for receipt and docketing in the Northern District of Georgia, the parties request that this Court further extend the discovery period by an additional sixty (60) days, up through and including June 30, 2006.

## IV.   CONCLUSION

For the reasons stated, the parties respectfully request that the Court grant this joint motion to transfer this action to the Northern District of Georgia, and extend the discovery period for an additional sixty (60) days up through and including June 30, 2006. A copy of a jointly submitted proposed order is attached hereto as "Exhibit A."

Jointly submitted this _____ day of March, 2006.

The Plaintiffs,                                    The Defendants,
By their Attorney,                                 By their Attorney,


_____                      _____
Daniel M. Rabinovitz, Esq.,                  Erin L. G. Lewis, Esq.
BBO No.: 558419                              Georgia State Bar No. 450320
Menard, Murphy & Walsh LLP                   Witten Technologies, Inc.
60 State Street, 34th Floor                  3638 Overlook Avenue
Boston, Massachusetts 02109                  Macon, Georgia 31204
617-832-2500                                 413-737-4753


                                             _____
                                             Jay Presser, Esq.
                                             BBO No.: 405760
                                             Timothy F. Murphy, Esq.
                                             BBO No.: 556429
                                             Skoler Abbott & Presser, P.C.
                                             Suite 400
                                             One Monarch Place
                                             Springfield, MA 01144
                                             Local Counsel